IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| **HEICO FASTENERS, INC.**<br><br>**Plaintiff,**<br><br>v.<br><br>**REACTION WASHER COMPANY, LLC, MATRIX EXTREME PRODUCTS, LLC, AND PRIMESOURCE CONSULTING, LLC**<br><br>**Defendants.** | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff HEICO FASTENERS, INC. ("Plaintiff" or "HEICO") brings this Complaint for Declaratory Relief against Defendants Reaction Washer Company, LLC, Matrix Extreme Products, LLC, and Primesource Consulting, LLC (collectively, "RWC" or "Defendants"), and alleges as follows:

### NATURE OF THE CASE

1. This is an action for a Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. HEICO seeks declaratory judgments that HEICO has not violated any patent rights purportedly owned by RWC; HEICO has not misappropriated any trade secrets purportedly owned by RWC; HEICO has not breached any contract purportedly entered into between HEICO and RWC; and HEICO has not falsely advertised.

1

## PARTIES

2. HEICO is a corporation organized and existing under the laws of the State of North Carolina, having a principal place of business at 2377 Eighth Avenue NW, Hickory, NC 28601 and PO Box 2905 in Hickory, NC 28603.

3. On information and belief, Defendant Reaction Washer Company, LLC is a limited liability company organized under the laws of the State of Utah, having a principal place of business at 14523 S Palo Alto Dr., Herriman, UT 84096.

4. On information and belief, Defendant Primesource Consulting, LLC is a limited liability company organized under the laws of the State of Utah, having a principal place of business at 14523 Palo Alto Dr., Herriman, UT 84096.

5. On information and belief, Matrix Extreme Products, LLC is a limited liability organized under the laws of the State of Nevada, having a principal place of business at either 10017 Village Walk Ave, Las Vegas, NV, 89149 or 7633 Raven Hills Drive, Las Vegas, NV 89149.

6. On information and belief, Matrix Extreme Products, LLC is a predecessor in interest to Defendant Primesource Consulting, LLC.

## JURISDICTION AND VENUE

7. This is a declaratory judgment action brought under 28 U.S.C. §§ 2201-02.

8. This Court has jurisdiction over the subject matter of this action pursuant to the following statutes:

   a. 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States,

   b. 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating commerce and protecting trade and commerce; and

c. 28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to alleged patent rights.

9. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201, and Rule 57, Fed. R. Civ. P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, HEICO and RWC.

10. This Court has personal jurisdiction over RWC consistent with the principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4.

11. On information and belief, RWC regularly and intentionally conducts business in this State and District and is subject to personal jurisdiction in this State and District by virtue of its continuous and systematic contacts here, such that RWC may be sued in North Carolina.

12. On information and belief, RWC has conducted business in this State and District by, among other activities, offering for sale and selling products, targeting a North Carolina company in North Carolina, sending letters directed to North Carolina, holding a telephonic meeting with a representative of a North Carolina company present in North Carolina, and otherwise engaging in business activities within this State and District.

13. RWC claims that it manufactures its products in the United States of America and that it "take[s] immense pride in being an American company." RWC further states that it "has had one singular focus: to develop the safest, most reliable, repeatable and reusable Reaction Washer system in the global bolting market. The result….SerraLoc™."

14. RWC has attempted to solicit business in North Carolina or enter into an agreement or business relationship in North Carolina. Indeed, RWC has been attempting to do business with HEICO since at least 2014.

15. RWC exchanged or caused to be exchanged numerous communications, including through letters, email, and telephone, that are purposefully directed at North Carolina.

16. RWC's repeated communications constitute an extensive number of contacts with North Carolina in a short period of time, which goes far beyond just informing a party who happens to be located in North Carolina of suspected infringement. As the communications continued, RWC amplified its threats of litigation by referencing more claims that it might bring into dispute and by repeatedly asserting that it may imminently file suit.

17. Because of its activities within the State, RWC purposefully availed itself of the privilege of conducting business in the State.

18. On information and belief, RWC can reasonably anticipate being haled into court in North Carolina.

19. RWC purposefully and voluntarily directed its activities toward North Carolina so that it should expect, by virtue of the benefit it receives, to be subject to this Court's jurisdiction based on its contacts with North Carolina.

20. This declaratory judgment action is sufficiently related to RWC's contacts with North Carolina.

21. Among other activities, RWC's letters were purposefully directed at North Carolina. The letters RWC sent to HEICO bear a direct and substantial connection with HEICO's claims in that the declaratory judgment action was precipitated by HEICO's receipt of them. As such, the letters reveal a relationship among the parties, the forum, and the litigation such that the principle of fair play and substantial justice is not offended.

22. As HEICO is headquartered in North Carolina, North Carolina is connected to HEICO's claims.

23. This action is sufficiently related to RWC's business as, on information and belief, RWC seeks to use its allegations as leverage to enter a business relationship with HEICO and/or protect its existing market share in the global market, which includes North Carolina, from HEICO's alleged unlawful actions.

24. Even if RWC's individual actions were each, by themselves, insufficiently related to the cause of action, they nonetheless provide support for personal jurisdiction when considered as a whole.

25. Due Process permits the exercise of personal jurisdiction over RWC in light of the nature and quality of RWC's contacts with North Carolina such that assertion of personal jurisdiction over RWC would comport with fair play and substantial justice.

26. On information and belief, the burden on RWC to litigate in North Carolina would not be unconstitutionally great.

27. North Carolina has a significant interest in resolving the dispute and providing effective means of redress to its residents threatened with litigation.

28. HEICO's current or potential damages are in North Carolina.

29. HEICO has a significant interest in receiving convenient and effective relief, particularly since conducting its business related to reaction washers may subject it to continuing liability to RWC.

30. Resolving this dispute in North Carolina would promote an efficient resolution of this controversy.

31. Venue is proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391.

5

## FACTUAL BACKGROUND

32. HEICO is a family-owned business that specializes in manufacturing and providing services related to decorative nails for 125 years.

33. HEICO also offers for sale other products, including the HEICO-LOCK® Reaction Washers. These reaction washers are at the heart of this dispute.

34. RWC is the purported owner of patents covering certain reaction washers.

35. RWC has made false and reckless allegations against HEICO that merit the relief requested herein. Over the course of the last year, RWC has accused HEICO of patent infringement, then trade secret misappropriation. The following is a brief summary of the correspondence and interactions between RWC and HEICO, with copies of the letters attached as exhibits to this Complaint:

    a. In a letter dated October 21, 2024, RWC alleged that RWC and HEICO held discussions regarding certain technology beginning in 2014. RWC further alleged that, because of these discussions, HEICO "learned about RWC's reaction washer technology, obtained proprietary designs from RWC, and generally became familiar with RWC's desire to introduce such technology to the marketplace." RWC alleged that HEICO released competing reaction washer technology that mirrors RWC's designs, including those designs allegedly discussed with HEICO previously. RWC alleged HEICO's reaction washer, directly or under the doctrine of equivalents, infringes U.S. Patent No. 10,107,325 (the "'325 Patent"). RWC is listed as Assignee on the face of the patent, but the patent was assigned to Primesource Consulting, LLC in 2023. *See* Exhibit A.

    b. In a letter dated November 26, 2024, HEICO responded to RWC's October 21st letter. In the November 26th letter, HEICO provided a thorough analysis of the differences

between the claimed subject matter of the '325 Patent and its own reaction washers. Included with the letter were prior art references proving that wedge lock washers have long been known in the art. The letter further differentiated the claimed "tool access castles" from HEICO's wave spline teeth and the claimed "lock-on groove" with HEICO's wedge lock structures. *See* Exhibit B.

c. In a letter dated January 31, 2025, RWC responded to HEICO's November 26th letter. In the letter, RWC alleged trade secret misappropriation and false advertising by HEICO. RWC demanded that HEICO cease all allegedly infringing activities and made clear that failure to comply may result in the filing of a complaint without further notice. RWC noted that it may bring more claims against HEICO with respect to U.S. Patent Application No. 18/185,954 and other forthcoming patents. *See* Exhibit C.

d. In a letter dated March 7, 2025, HEICO responded to RWC's letter dated January 31, 2025. In this letter, HEICO disputed RWC's claims of trade secret misappropriation, false advertising, and patent infringement. *See* Exhibit D.

e. In a letter dated October 16, 2025, RWC alleged HEICO is subject to a Confidentiality and Non Disclosure Agreement (the "NDA") and breached the terms of such agreement. RWC claimed that this letter was "one final attempt to resolve this matter without Court involvement." RWC again demanded HEICO "cease and desist from all manufacture, use, sale, offer for sale, distribution, marketing, and promotion of any reaction washers that incorporate or are derived from RWC's confidential and proprietary designs." The letter states that if HEICO did not cease and desist from such activities, RWC may file a complaint without further notice. RWC then stated that it "may notify the German Patent Office, along with other appropriate authorities,

7

regarding the inventorship of HEICO's reaction washers." RWC specifically points to German utility model DE 20 2024 100 648 U1. *See* Exhibit E.

    f. In a letter dated November 5, 2025, HEICO responds to RWC's letter dated October 16, 2025. In the letter, HEICO disputed RWC's allegations with respect to the NDA. HEICO also suggested the parties engage in direct business-to-business dialogue to hear each other out. *See* Exhibit F.

    g. In an email on November 11, 2025, RWC indicated that it would be open to such a business-to-business dialogue. *See* Exhibit G.

    h. On December 9, 2025, a representative of HEICO met telephonically with John Davis of RWC to discuss this dispute, but no resolution was reached. This business-to-business meeting occurred with a representative of HEICO present in Hickory, North Carolina.

    i. In a letter dated December 22, 2025, RWC accused HEICO of bad faith and insisted on another business meeting with different representatives or the parties "can proceed through more formal legal channels." *See* Exhibit H.

36. Despite the ongoing threats for over a year, RWC never filed a complaint against HEICO.

37. HEICO has been consistent and clear that it was interested in resolving this matter but also that it does not have any legal liability to RWC; yet, RWC has persisted in its pattern of threats unless HEICO capitulated to its demands. Despite its pattern of threats, however, RWC has not filed suit against HEICO, thus leaving HEICO in the unenviable position of operating its business under a cloud of uncertainty wrongly created by RWC. HEICO has tried in good faith to resolve

8

this matter without the involvement of the courts. HEICO is entitled to a declaratory judgment as requested herein.

## COUNT I
## DECLARATORY JUDGMENT – PATENT INFRINGEMENT

38. The allegations in the preceding paragraphs are incorporated herein by reference.

39. Defendants have threatened Plaintiff's business by accusing Plaintiff of unlawful actions, including infringement of at least U.S. Patent No. 10,107,325, with presumably more patents to follow, including US Patent Application No. 18/185,954.

40. Plaintiff has denied any liability for all allegations made by Defendants.

41. Despite Plaintiff's denials, Defendants have continued to threaten Plaintiff and its business with accusations concerning their purported patent rights.

42. Plaintiff is legally permitted to make, import, use, sell, and offer to sell its products and otherwise conduct its respective business activities without permission, involvement, or interference from Defendants.

43. There is an actual and substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court.

44. Plaintiff is entitled to a judgment declaring that it has not violated any purported rights of Defendants under federal, state, or common law and is not liable to Defendants for any claims, including any claim for patent infringement concerning the Asserted Patent or any related patent.

## COUNT II
## DECLARATORY JUDGMENT – TRADE SECRET MISAPPROPRIATION

45. The allegations in the preceding paragraphs are incorporated herein by reference.

46. Defendants have threatened Plaintiff's business by accusing Plaintiff of unlawful actions, including trade secret misappropriation of reaction washer technology.

47. Plaintiff has denied any liability for all allegations made by Defendants.

9

Case 5:26-cv-00005-MEO-DCK    Document 1    Filed 01/09/26    Page 9 of 12

48. Despite Plaintiff's denials, Defendants have continued to threaten Plaintiff and its business with accusations concerning their purported trade secrets.

49. Plaintiff is legally permitted to make, import, use, sell, and offer to sell its products and otherwise conduct its respective business activities without permission, involvement, or interference from Defendants.

50. There is an actual and substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court.

51. Plaintiff is entitled to a judgment declaring that it has not violated any purported rights of Defendants under federal, state, or common law and is not liable to Defendants for any claims, including any claim for trade secret misappropriation.

## COUNT III
## DECLARATORY JUDGMENT – BREACH OF CONTRACT

52. The allegations in the preceding paragraphs are incorporated herein by reference.

53. Defendants have threatened Plaintiff's business by accusing Plaintiff of unlawful actions, including breach of contract.

54. Plaintiff has denied any liability for all allegations made by Defendants.

55. Despite Plaintiff's denials, Defendants have continued to threaten Plaintiff and its business with accusations concerning their purported contractual rights.

56. Plaintiff is legally permitted to make, import, use, sell, and offer to sell its products and otherwise conduct its respective business activities without permission, involvement, or interference from Defendants.

57. There is an actual and substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court.

58. Plaintiff is entitled to a judgment declaring that it has not violated any purported rights of Defendants under federal, state, or common law and is not liable to Defendants for any claims, including any claim for breach of contract.

## COUNT IV
## DECLARATORY JUDGMENT – FALSE ADVERTISING

59. The allegations in the preceding paragraphs are incorporated herein by reference.

60. Defendants have threatened Plaintiff's business by accusing Plaintiff of unlawful actions, including false advertising.

61. Plaintiff has denied any liability for all allegations made by Defendants.

62. Despite Plaintiff's denials, Defendants have continued to threaten Plaintiff and its business with accusations concerning allegedly false advertising.

63. Plaintiff is legally permitted to make, import, use, sell, and offer to sell its products and otherwise conduct its respective business activities without permission, involvement, or interference from Defendants.

64. There is an actual and substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court.

65. Plaintiff is entitled to a judgment declaring that it has not violated any purported rights of Defendants under federal, state, or common law and is not liable to Defendants for any claims, including any claim for false advertising.

## PRAYER FOR RELIEF

In view of the foregoing, Plaintiff asks that this Court grant the following relief:

A. Declaring that Plaintiff has not violated any purported rights of Defendants, including any provisions of 35 U.S.C. § 101 *et seq.* or any other asserted federal, state, or common

law laws, including but not limited to patent infringement, trade secret misappropriation, breach of contract, and false advertising.

B. Finding this case exceptional in favor of Plaintiff pursuant to 35 U.S.C. § 285, and awarding Plaintiff its costs and reasonable attorney fees; and

C. Granting Plaintiff any such further legal and equitable relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues in this action so triable.

Dated: January 9, 2026

Respectfully submitted,

s/ *J. Mark Wilson*
J. Mark Wilson
N.C. State Bar No. 25763
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone (704) 331-1000
Facsimile (704) 339-5981
Email: markwilson@mvalaw.com

*Attorneys for Plaintiff*
*HEICO Fasteners, Inc.*